UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

JOSHUA MICHAEL STEEVER
aka "Hatchet"
HENRY LAMBERT BAIRD
STEPHEN DANIEL DAVIS
    aka "Dan"
JUSTIN DANIEL LOUGH
    aka "Rocko"
JACOB MARK ROBARDS
    aka "Boots"
CONNOR DREW DYKES

CRIMINAL NO. 4: CR 17-139

JUDGE BRANN

VIO: 18 U.S.C. §§ 371;
922(g)(1); 922(d)(1);
1952(a)(3); 1956(h)
1956(a)(3)(B)
21 U.S.C. §§ 846;
    841(a)(1)
26 U.S.C. § 5861(j)

FILED
WILLIAMSPORT

APR 27 2017

PER _____

DEPUTY CLERK

INDICTMENT

THE GRAND JURY CHARGES:

Introduction

At times material to the Indictment:

A.    The Defendants and the Aryan Strikeforce

1.    The defendants were members of the Aryan Strikeforce
(ASF).

2.    According to its on-line mission statement, the ASF is a

"white nationalist organization" with the "goal to protect the honour of our women, children, and the future of our race and nation" using violence as a necessary tool to achieve its goals.

3.    Defendant Joshua Michael Steever, a resident of Phillipsburg, New Jersey, was the founder of the ASF.

4.    Defendant Henry Lambert Baird, a resident of Allentown, Pennsylvania was the president of the ASF.

5.    Defendant Stephen Daniel Davis, a resident of Bumpass, Virginia, was the vice-president of the ASF.

6.    Defendant Justin Daniel Lough, a resident of Waynesboro, Virginia was a "patched", or approved member of the ASF.

7.    Defendant Jacob Mark Robards, a resident of Bethlehem, Pennsylvania, was a patched member of the ASF.

8.    Defendant Conner Drew Dykes, a resident of Silver Spring, Maryland was the sergeant-at-arms of the ASF.

9.    The defendants engaged in criminal conduct to fund the activities of the ASF and the acquisition of firearms and ammunition.

### B.    Prepaid Gift Card Issuers

1.    Target and VISA were businesses operating in and affecting interstate commerce.

2.    Target offered prepaid gift cards, issued by VISA, for purchase at its store locations.

3.    To conceal and disguise the nature, location, source, ownership, and control of the proceeds of criminal activities, members of the ASF purchased prepaid VISA gift cards at Target stores.

### C.    National Firearms Act Registration

1.    Chapter 53 of the National Firearms Act ("the Act") requires the registration of certain firearms with the Secretary of the Treasury, and the Act defines the term "firearm" to include machineguns and firearm silencers.   26 U.S.C. §§ 5841; 5845(a)(6) and (7).

2.    The Act defines a "machinegun" as "any weapon which shoots, is designed to shoot, or can readily be restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger", and includes "any part designed and

intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person."   26 U.S.C. § 5845(b).

3.     The Act prohibits any person from transporting, delivering, and possessing a machine gun which has not been registered as required in Chapter 53 of the Act.

THE GRAND JURY CHARGES:

COUNT 1
Conspiracy
18 U.S.C. § 371

A.     The Conspiracy and Its Objects

Beginning in or around January 2016, the exact dates unknown, and continuing through the date of this indictment, in Potter and Tioga Counties, within the Middle District of Pennsylvania and elsewhere, the defendants

JOSHUA MICHAEL STEEVER
aka "Hatchet"

4

HENRY LAMBERT BAIRD
STEPHEN DANIEL DAVIS
aka "Dan"
JUSTIN DANIEL LOUGH
aka "Rocko"
JACOB MARK ROBARDS
aka " Boots"
CONNOR DREW DYKES

did knowingly and willfully combine, conspire, confederate, and agree

with each other and with other persons known and unknown to commit

offenses against the United States, to wit:

(a)     selling and otherwise disposing of firearms to persons who have been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(d)(1);

(b)   shipping, transporting, and possessing firearms in or affecting interstate commerce by persons who have been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1);

(c)     transporting, delivering, and receiving in interstate commerce unregistered firearms, specifically machine gun parts, in violation of Title 26 United States Code, Section § 5861(j);

(d)   interstate travel to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, specifically conspiracy and attempt to distribute and

possess with intent to distribute methamphetamine (21 U.S.C. § 841; 846) and money laundering and conspiracy to commit money laundering (18 U.S.C. § 1956(a)(3); (h)), in violation of 18 U.S.C. § 1952.

B.    The Manner and Means of the Conspiracy

It was part of the conspiracy that:

1.    The defendants held meetings in Potter County, Pennsylvania, Phillipsburg, New Jersey, and Staunton, Virginia to discuss and plan the activities of the ASF, including the acquisition of firearms, ammunition, and funds to carry out the activities of the ASF.

2.    The defendants received and stored firearms and ammunition at various locations, including residences in Potter County, Phillipsburg, New Jersey, and Allentown, Pennsylvania.

3.    The defendants traveled across state lines to and from locations in Pennsylvania, Maryland, Virginia, and New Jersey for the purpose of transporting, transferring, and delivering firearms.

4.    On more than two separate occasions, the defendants traveled across state lines to and from locations in Pennsylvania, Maryland, Virginia, and New Jersey for the purpose of transporting,

transferring, and delivering methamphetamine.

5.    The defendants received cash proceeds in connection with the transportation, transfer, and delivery of firearms, ammunition, and methamphetamine.

6.    To accumulate funds to conduct the activities of the ASF, including the acquisition of firearms and ammunition, the defendants purchased gift cards from businesses operating in interstate commerce with cash proceeds that they received in connection with the transportation, transfer, and delivery of firearms, ammunition, and methamphetamine.

C.    Overt Acts

In furtherance of the conspiracy, the defendants committed and caused the commission of overt acts, in the Middle District of Pennsylvania and elsewhere, including but not limited to the following:

1.    In or around October 2016, Stephen Daniel Davis, a convicted felon, transported a Western Auto 12 gauge shotgun, no serial number, and a Tanfoglio.F.LLI, S.N.C. model TZ75 9mm pistol, serial number H09004 to Potter and Tioga Counties in Pennsylvania.

2.     In or around October 2016, Davis delivered the Western Auto 12 gauge shotgun and 9mm pistol in Potter and Tioga Counties in Pennsylvania to an ASF member, known to the grand jury, who was a convicted felon.

3.     On or about November 19, 2016, at a restaurant near Staunton, Virginia, Joshua Steever, Justin Lough, Connor Dykes, and an ASF member known to the grand jury discussed the transportation of methamphetamine and the purchase of pre-paid VISA cards with the proceeds from drug trafficking activities.

4.     On or about January 17, 2017, Joshua Steever, Justin Lough, Jacob Robards, and Connor Dykes traveled by motor vehicle from Steever's residence in Phillipsburg, New Jersey to Tannersville, Pennsylvania, where they received a duffel bag containing 16 pounds of simulated methamphetamine from a law enforcement officer purporting to be a wholesale broker of illegal contraband, including controlled substances and unregistered firearms.

5.     In Tannersville, Steever, Lough, Robards, and Dykes delivered the duffel bag containing simulated methamphetamine and

received $4,000 in cash that was represented to be drug proceeds from the law enforcement officer purporting to be a wholesale broker of illegal contraband.

6.      Steever, Lough, Robards, and Dykes then traveled to a Target store in Stroudsburg, Pennsylvania where they each used some or part of the $4,000 purported cash drug proceeds to purchase four prepaid VISA gift cards, totaling $1,600.

7.      After purchasing the gift cards, Steever and Lough provided the cards to a law enforcement officer who represented himself to be a purported wholesale broker of illegal contraband to hold in connection with planned purchases of firearms by Steever, Baird, Dykes, and other conspirators.

8.      On or about February 15, 2017, Joshua Steever, Jacob Robards, and Connor Dykes met at Steever's residence in Phillipsburg, New Jersey and discussed the transfer of methamphetamine.

9.      On March 12, 2017, Joshua Steever, Justin Lough, and Henry Baird traveled to Harrisburg, Pennsylvania, where they received another 16 pounds of simulated methamphetamine from a law

enforcement officer purporting to be a wholesale broker of illegal contraband.

10.    After receiving the simulated methamphetamine, Steever, Lough, and Baird transported it by motor vehicle to Hagerstown, Maryland.

11.    After arriving in Hagerstown, Steever, Baird, and Lough delivered the simulated methamphetamine to another law enforcement officer purporting to be a wholesale broker of illegal contraband, including controlled substances and unregistered firearms.

12.    Following the delivery, Steever received $3,000 in cash that was represented to be drug proceeds from the purported wholesale broker of illegal contraband, and then divided the cash among Lough, Baird, and himself.

13.    Steever, Baird, and Lough then drove to a Target store in Hagerstown where they each purchased prepaid VISA gift card totaling $1,000.

14.    After purchasing the gift cards, Steever, Baird, and Lough provided the cards to the purported wholesale broker of illegal

contraband to hold in connection with planned purchases of firearms by Steever, Baird, Lough, and other conspirators.

15.   On March 12, 2017, Henry Baird told the purported wholesale broker of illegal contraband that he possessed a .357 revolver but did not carry it during the methamphetamine transfer.

16.   On or about March 30, 2017, Steever asked the purported wholesale broker of illegal contraband about the availability of various firearms, including AK-47 rifles, Uzi machine guns, and Glock and Beretta pistols for use in tactical training by ASF members.

17.   On or about March 30, 2017, Joshua Steever, Henry Baird, Justin Lough, and an ASF member known to the grand jury met with the purported wholesale broker of illegal contraband at a restaurant in Harrisburg, Pennsylvania.

18.   During the meeting at the restaurant in Harrisburg, Steever, Baird, and Lough asked the purported wholesale broker of illegal contraband about the availability of "clean" firearms that had never been used in criminal activity.

19.    During the meeting at the restaurant in Harrisburg on March 30, 2017, Steever, Baird, Lough, and the purported wholesale broker of illegal contraband discussed opportunities to generate funds to purchase firearms through participation in additional criminal activities.

20.    During the meeting on March 30, 2017, Steever, Baird, and Lough agreed to participate in additional illegal activities to generate funds to purchase firearms.

21.    On or about April 5, 2017, Joshua Steever spoke by phone with a law enforcement officer purporting to be a wholesale broker of illegal contraband and discussed his recent purchase of a Mossburg 12 gauge shotgun.

22.    On April 7, 2017, Steever, Baird, and Lough met a law enforcement officer purporting to be a wholesale broker of illegal contraband at a coffee shop in Harrisburg.

23.    During the meeting at the coffee shop, Steever, Baird, and Lough received from the purported wholesale broker a box of 50 AR-15 lower receivers, described in Attachment 1 of the Indictment, four Glock

sear fully automatic inserts, and a bag containing 16 pounds of simulated methamphetamine.

24.    After receiving the machine gun components and the simulated methamphetamine, Steever, Baird, and Lough traveled by motor vehicle to a shopping center in Hagerstown, Maryland where they met another law enforcement officer purporting to be a wholesale broker of illegal contraband.

25.    At the Hagerstown shopping center, Steever, Baird, and Lough delivered the machine gun components and the simulated methamphetamine to the purported wholesale broker of illegal contraband.

26.    Following the delivery, Steever, Baird, and Lough each received from the purported wholesale broker of illegal contraband $1,200 in cash, represented to be the proceeds of drug trafficking activities.

27.    Steever, Baird, and Lough then drove to a Target store in Hagerstown where Steever and Lough purchased three VISA prepaid gift cards totaling $600.

28.    After purchasing the cards, Steever and Lough provided them to the purported wholesale broker of illegal contraband to hold as payment toward future firearms purchases.

29.    On or about April 13, 2017, Baird, a convicted felon, kept a Taurus .357 revolver, serial number KH473101 at a residence where he was staying in Allentown, Pennsylvania.

30.    On or about April 13, 2017, Steever, a convicted felon kept a Mossberg 12 gauge shotgun, serial number WN67542U at his residence in Phillipsburg, New Jersey.

31.    The Grand Jury incorporates by reference herein the succeeding counts of the Indictment as additional overt acts in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 371.


THE GRAND JURY FURTHER CHARGES:

COUNT 2
Possession of a Firearm
By a Convicted Felon
18 U.S.C. § 922(g)(1)

In or around October 2016, in Potter and Tioga Counties, within

the Middle District of Pennsylvania, and elsewhere, the defendant

### STEPHEN DANIEL DAVIS
#### aka "Dan"

having been convicted of a crime punishable by imprisonment for a

term exceeding one (1) year, did knowingly ship, transport, and possess

in and affecting commerce the following firearms: a Western Auto 12

gauge shotgun, no serial number, and a Tanfoglio. F.LLI, S.N.C., model

TZ75 9mm pistol, serial number H09004.

All in violation of Title 18, United States Code, Section 922(g)(1).


THE GRAND JURY FURTHER CHARGES:

### COUNT 3
#### Transfer of Firearms to
#### Convicted Felon
#### 18 U.S.C. § 922(d)(1)

In or around October 2016, in Tioga and Potter Counties, within

the Middle District of Pennsylvania, and elsewhere, the defendant

### STEPHEN DANIEL DAVIS
#### aka "Dan"

knowingly sold and disposed of firearms, that is, a Western Auto 12

gauge shotgun, no serial number, and a Tanfoglio. F.LLI, S.N.C., model

TZ75 9mm pistol, serial number H09004, to an ASF member known to the Grand Jury, knowing and having reasonable cause to believe that the ASF member had been convicted of a crime punishable by imprisonment for a term exceeding one year.

All in violation of Title 18, United States Code, Section 922(d)(1), 924(a)(2).

THE GRAND JURY FURTHER CHARGES:

COUNTS 4, 5, & 6
Interstate Travel in
Aid of Racketeering Enterprises
(18 U.S.C. § 1952(a)(3))

On or about the following dates, in Pike, Monroe, and Dauphin Counties, within the Middle District of Pennsylvania, and elsewhere, the defendants,

JOSHUA MICHAEL STEEVER
aka "Hatchet"
HENRY LAMBERT BAIRD
JUSTIN DANIEL LOUGH
aka "Rocko"
JACOB MARK ROBARDS
aka " Boots"
CONNOR DREW DYKES

did travel in interstate commerce, via private motor vehicles, with the

intent to promote, manage, establish, and carry on, and to facilitate the

promotion, management, establishment, and carrying on of an unlawful

activity, said unlawful activity being

> (1) conspiracy and attempt to distribute and possess
> with intent to distribute 500 grams and more of a mixture of
> methamphetamine, in violation of 21 U.S.C. §§ 846;
> 841(a)(1); and

> (2) money laundering and conspiracy to commit money
> laundering, in violation of 18 U.S.C. §§ 1956(a)(3)(B) and (h);

and thereafter did perform and attempt to perform the following acts to

promote, manage, establish, and carry on, and to facilitate the

promotion, management, establishment, and carrying on of said

unlawful activity:

| Count | Date | Defendant(s) | Travel/Acts |
| --- | --- | --- | --- |
| 4 | 01/17/2017 | Steever Lough Robards Dykes | Travel by motor vehicle from New Jersey to Pike County, Pennsylvania to transport and transfer 16 pounds of simulated methamphetamine |
| | | | Purchase of VISA prepaid gift cards at Target in Stroudsburg, PA with cash proceeds from the |

17

| | | | delivery of simulated methamphetamine |
|---|---|---|---|
| 5 | 03/12/2017 | Steever Baird Lough | Travel by motor vehicle from Harrisburg, PA to Hagerstown, MD to transport and transfer 16 pounds of simulated methamphetamine |
| | | | Purchase of VISA prepaid gift cards at Target in Hagerstown, MD with cash proceeds from the delivery of simulated methamphetamine |
| 6 | 04/07/2017 | Steever Baird Lough | Travel by motor vehicle from Harrisburg, PA to Hagerstown, MD to transport and transfer 16 pounds of simulated methamphetamine |
| | | | Purchase of VISA prepaid gift cards at Target in Hagerstown, MD with cash proceeds from the delivery of simulated methamphetamine |

and did aid and abet the commission of said offenses.

All in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

THE GRAND JURY FURTHER CHARGES:

COUNT 7
Conspiracy to Distribute
Controlled Substances
21 U.S.C. § 846

From in or around January 2017 and continuing through the date of this indictment, in Pike, Monroe, and Dauphin Counties, within the Middle District of Pennsylvania, and elsewhere, the defendants

JOSHUA MICHAEL STEEVER
aka "Hatchet"
HENRY LAMBERT BAIRD
JUSTIN DANIEL LOUGH
aka "Rocko"
JACOB MARK ROBARDS
aka " Boots"
CONNOR DREW DYKES

did knowingly and intentionally combine, conspire, confederate, and agree with each other, and other persons, known and unknown to the Grand Jury, to commit the following offenses against the United States: knowing and intentional possession with the intent to distribute and distribution of controlled substances, that is, a mixture or substance containing 500 grams or more of methamphetamine, a Schedule II controlled substance.

19

## Manner and Means

To carry out the conspiracy, the conspirators employed the following manner and means:

1.     The conspirators traveled by motor vehicle from New Jersey, Virginia, and Maryland to Pennsylvania for the purpose of receiving and transporting multiple pounds of a substance represented to be methamphetamine by law enforcement officers purporting to be wholesale brokers of illegal contraband, including controlled substances and unregistered firearms.

2.     The conspirators traveled to locations in Pennsylvania and Maryland to transport and transfer the multiple pounds of a substance represented to be methamphetamine to locations in Pennsylvania and Maryland.

3.     After traveling to locations in Pennsylvania and Maryland, the conspirators delivered multiple pounds of a substance represented to be methamphetamine to other law enforcement officers purporting to be wholesale brokers of illegal contraband, including controlled substances and unregistered firearms.

4.     The conspirators received cash proceeds represented to be from the distribution of purported methamphetamine.

5.     The conspirators used the cash proceeds to purchase prepaid gift cards to fund the activities of the ASF, including the acquisition of firearms.

6.     The conspirators used mobile telephones to communicate concerning drug distribution activities.

7.     The Grand Jury incorporates by reference herein as additional manner and means the manner and means and overt acts alleged in Count One and Counts 8, and 10.

All in violation of Title 21, United States Code, Section 846.


THE GRAND JURY FURTHER CHARGES:

COUNTS 8, 9, & 10
Attempted Distribution of a
Controlled Substance
21 U.S.C. § 846

On or about the following dates, in Pike, Monroe, and Dauphin Counties, within the Middle District of Pennsylvania, and elsewhere, the defendants

JOSHUA MICHAEL STEEVER
aka "Hatchet"
HENRY LAMBERT BAIRD
JUSTIN DANIEL LOUGH
aka "Rocko"
JACOB MARK ROBARDS
aka " Boots"
CONNOR DREW DYKES

did knowingly and intentionally attempt to distribute and possess with

the intent to distribute the following quantities of controlled substances,

to wit:   a mixture or substance containing 500 grams and more of

methamphetamine, a Schedule II controlled substance, under Title 21,

United States Code, Section 812:

| Count | Date | Defendant(s) | Substance |
|-------|------|--------------|-----------|
| 8 | 01/17/2017 | Steever Lough Robards Dykes | 16 pounds of methamphetamine |
| 9 | 03/12/2017 | Steever Baird Lough | 16 pounds of methamphetamine |
| 10 | 04/07/2017 | Steever Baird Lough | 16 pounds of methamphetamine |

All in violation of Title 21, United States Code, Section 846;

22

841(a)(1).


THE GRAND JURY FURTHER CHARGES:

COUNT 11
Conspiracy to Commit
Money Laundering
18 U.S.C. § 1956(h)

From in or around January 2017 and continuing through in the

date of the Indictment, in Pike, Monroe, and Dauphin Counties, within

the Middle District of Pennsylvania, and elsewhere, the defendants

JOSHUA MICHAEL STEEVER
aka "Hatchet"
HENRY LAMBERT BAIRD
JUSTIN DANIEL LOUGH
aka "Rocko"
JACOB MARK ROBARDS
aka " Boots"
CONNOR DREW DYKES

did knowingly combine, conspire, confederate, and agree with each

other and with other persons, known and unknown to the Grand Jury,

to commit the following money laundering offenses:

(a)  with the intent to conceal and disguise the nature,
location, source, ownership, and control of property believed
to be the proceeds of specified unlawful activity, did
knowingly conduct and attempt to conduct financial

transactions affecting interstate or foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity, to wit: Conspiracy and attempt to distribute and to possess with intent to distribute 500 grams and more of a mixture of methamphetamine, (21 U.S.C. §§ 846; 841(a)(1)), in violation of Title 18, United States Code, Section 1956(a)(3)(B);

B. <u>Manner and Means of the Conspiracy</u>

In furtherance of the conspiracy, the conspirators employed the following manner and means:

1.    The conspirators received multiple cash payments represented to be the proceeds from the distribution of methamphetamine by law enforcement officers purporting to be wholesale brokers of illegal contraband, including controlled substances and unregistered firearms.

2.    The conspirators provided portions of the cash payments to a law enforcement officer, who purported to be a wholesale broker of illegal contraband, including controlled substances and unregistered firearms.

3.    The conspirators provided the money to the purported wholesale brokers to hold for the purpose of funding the activities of the

ASF, including the acquisition of firearms.

4.    Before providing the money to the purported wholesale brokers, to conceal the nature, source, location, and ownership of the cash, the conspirators used the cash to purchase prepaid VISA gift cards at Target stores in Stroudsburg, Pennsylvania and Hagerstown, Maryland.

5.    On or about the following dates, the conspirators engaged in the following purchases of prepaid VISA gift cards with cash represented to be the proceeds from the distribution of methamphetamine:

| Date | Amount | Store Location |
| --- | --- | --- |
| 01/17/2017 | $1,600 | Target Stroudsburg, PA |
| 03/12/2017 | $ 1,000 | Target Hagerstown, MD |
| 04/07/2017 | $  600 | Target Hagerstown, MD |

6.    The Grand Jury incorporates by reference herein as additional manner and means the manner and means and overt acts alleged in Count One.

All in violation of Title 18, United States Code, Section 1956(h).

THE GRAND JURY FURTHER CHARGES:

### COUNT 12, 13, and 14
### Money Laundering
### 18 U.S.C. § 1956(a)(3)(B)

On or about the following dates, within the Middle District of

Pennsylvania, and elsewhere, the following defendants

### JOSHUA MICHAEL STEEVER

aka "Hatchet"
### HENRY LAMBERT BAIRD
### JUSTIN DANIEL LOUGH
aka "Rocko"
### JACOB MARK ROBARDS
aka " Boots"
### CONNOR DREW DYKES

with the intent to conceal and disguise the nature, location, source,

ownership, and control of property believed to be the proceeds of

specified unlawful activity, did knowingly conduct and attempt to

conduct financial transactions affecting interstate or foreign commerce

involving property represented by a law enforcement officer to be

proceeds of specified unlawful activity, to wit: conspiracy and attempt to

distribute and to possess with intent to distribute 500 grams and more of a mixture of methamphetamine, in violation of 21 U.S.C. §§ 846; 841(a)(1).

3.     On or about the following dates, the following defendants engaged in the following purchases of prepaid VISA gift cards with cash represented to be the proceeds from the distribution of methamphetamine:

| Count | Defendant | Date | Amount | Store Location |
|-------|-----------|------|--------|----------------|
| 12 | Steever | 01/17/2017 | $ 400 | Target |
|    | Lough |  | $ 400 | Stroudsburg, PA |
|    | Robards |  | $ 400 |  |
|    | Dykes |  | $ 400 |  |
| 13 | Steever | 03/12/2017 | $ 400 | Target |
|    | Baird |  | $ 400 | Hagerstown, MD |
|    | Lough |  | $ 200 |  |
| 14 | Steever | 04/07/2017 | $ 400 | Target |
|    | Lough |  | $ 200 | Hagerstown, MD |

and the defendants did aid and abet the commission of said offenses.

All in violation of Title 18, United States Code, Section 1956(a)(3)(B) and 2.

THE GRAND JURY FURTHER CHARGES:

COUNT 15
Transport, Delivery & Receipt of
Unregistered Machineguns
26 U.S.C. § 5861(j)

On or about April 7, 2017, in Dauphin County, Pennsylvania, within the Middle District of Pennsylvania and elsewhere, the defendants,

JOSHUA MICHAEL STEEVER
aka "Hatchet"
HENRY LAMBERT BAIRD
JUSTIN DANIEL LOUGH
aka "Rocko"

knowingly, transported, delivered, and received, and caused to be transported, delivered, and received, between Pennsylvania and Maryland, in interstate commerce, the following firearms, as defined in the National Firearms Act:

(1)  fifty (50) Colt AR-15 lower receivers, more specifically described in Attachment 1 of the Indictment and incorporated herein by reference;

(2)  four (4) Glock sear full automatic inserts;

said firearms having not been registered as required by Chapter 53 of Title 26 of the United States Code, and did aid and abet the commission

of said offense.

All in violation of Title 26, United States Code, Sections 5841, 5861(j), and 5871 and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

### COUNT 16
### Possession of a Firearm
### By a Convicted Felon
### 18 U.S.C. § 922(g)(1)

On or about April 7, 2017, in Dauphin County, within the Middle District of Pennsylvania, and elsewhere, the defendants

### JOSHUA MICHAEL STEEVER
### aka "Hatchet"
### HENRY LAMBERT BAIRD

having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly ship, transport, and possess in and affecting commerce the following firearms:

> (1)   fifty (50) Colt AR-15 lower receivers, more specifically described in Attachment 1 of the Indictment and incorporated herein by reference;

> (2)   four (4) Glock sear full automatic inserts;

All in violation of Title 18, United States Code, Section 922(g)(1).

THE GRAND JURY FURTHER FINDS:

## FORFEITURE ALLEGATION
### (18 U.S.C. §§ 924, 981(a)(1)(C), & 982(a)(1),
### 21 U.S.C. 853, & 28 U.S.C. § 2461)

1.    The allegations contained in the Introduction and Counts One through Sixteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 924, 981(a)(1)(C), and 982(a)(1), Title 21 United States Code, Section 853, and Title 28, United States Code, Section 2461.

2.    Upon conviction of the offenses in violation of Title 18, United States Code, Sections 371, 922(g)(1) and (d)(1), 1952(a)(3), and 1956(h), and Title 21 United States Code 846 set forth in Counts One through Sixteen of this Indictment the defendants,

JOSHUA MICHAEL STEEVER
aka "Hatchet"
HENRY LAMBERT BAIRD
STEPHEN DANIEL DAVIS
aka "Dan"
JUSTIN DANIEL LOUGH
aka "Rocko"
JACOB MARK ROBARDS
aka " Boots"
CONNOR DREW DYKES

shall forfeit to the United States pursuant to Title 18, United States

Code, Sections 924, 981(a)(1)(C), and 982(a)(1), Title 21 United States

Code, Section 853, and Title 28, United States Code, Section 2461, any

proceeds obtained, directly or indirectly, as the result of such offenses

and any property used, or intended to be used, in any manner or part, to

commit, or to facilitate the commission of, the offenses, or any property,

real or personal, involved in such offense, and any property traceable to

such property, including, but not limited to the following:

2.1   a Western Auto 12 gauge shotgun, no serial number Tanfoglio. F.LLI, S.N.C., model TZ75 9mm pistol, serial number H09004

2.2   Tanfoglio. F.LLI, S.N.C., model TZ75 9mm pistol, serial number H09004

2.3   Taurus .357 revolver, serial number KH473101

2.4   Mossberg 12 gauge shotgun, serial number WN67542U

3.    If any of the property described above, as a result of any act

or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a

third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot

        be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. §§ 924, 981(a)(1)(C), & 982(a)(1), 21 U.S.C. 853, & 28 U.S.C. § 2461.

## INDICTMENT – ATTACHMENT 1

| Description | Serial No. | Manufacturer | Model |
|---|---|---|---|
| Shoulder Weapon Carbine 5.56 mm | LE335944 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335998 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335926 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE336004 | Colt | M4 |
| Shoulder Weapon | LE335947 | Colt | M4 |

Carbine 5.56 mm

| | | | |
|---|---|---|---|
| Shoulder Weapon Carbine 5.56 mm | LE335949 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335984 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE336009 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE336001 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335941 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335997 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335994 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335948 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335945 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE336006 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE336005 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335985 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335959 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE336003 | Colt | M4 |

| | | | |
|---|---|---|---|
| Shoulder Weapon Carbine 5.56 mm | LE335996 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE336005 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335982 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335912 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335916 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE336002 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335955 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE336007 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335951 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335935 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335929 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335946 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335930 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335995 | Colt | M4 |
| Shoulder Weapon | LE335990 | Colt | M4 |

| | | | |
|---|---|---|---|
| Carbine 5.56 mm | | | |
| Shoulder Weapon Carbine 5.56 mm | LE335915 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335956 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335913 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335991 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335992 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335917 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335977 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335910 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335928 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335919 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE336000 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335918 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335973 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335914 | Colt | M4 |

| | | | |
|---|---|---|---|
| Shoulder Weapon Carbine 5.56 mm | LE335911 | Colt | M4 |
| Shoulder Weapon Carbine 5.56 mm | LE335976 | Colt | M4 |

A TRUE BILL