IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | NO. 4:17-CR-00139 |
| vs. | : | |
| | : | (Judge Brann) |
| JACOB MARK ROBARDS, | : | |
| Defendant | : | |

## DEFENDANT, JACOB ROBARD'S, SENTENCING MEMORANDUM

### I. PROCEDURAL HISTORY

On April 11, 2017, Defendant was charged in a criminal complaint with Attempting and/or Conspiring to Unlawfully Possess, Distribute, and Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §846; Interstate Travel to Aid in Racketeering Activities in violation of 18 U.S.C. §1952; and Money Laundering and Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §1956(a)(3)(B) and (h).

On April 27, 2017, Defendant was indicted by a grand jury sitting in the United States District Court for the Middle District of Pennsylvania. The Grand Jury indicted Defendant on charges of Conspiracy to Sell and/or Otherwise Dispose of Firearms to Convicted Felons; Interstate Travel and Aid in Racketeering Enterprises, Conspiracy to Possess With Intent to Distribute 500 grams or more of Methamphetamine as well as the Attempt to Distribute Methamphetamine.

On November 21, 2019, Defendant appeared before the Honorable Matthew W. Brann, and entered a plea of guilty to Conspiracy to Possess with Intent to Distribute 500 grams or more of Methamphetamine in violation of 21 U.S.C. §846.

A Presentence Report was prepared by the United States Probation Office for the Middle District of Pennsylvania on February 19, 2020.  Counsel filed objections to the report on March 9, 2020.  A revised report as filed by probation on April 27, 2020.  There remain outstanding objections to the report.  Sentencing is scheduled for June 12, 2020.

## II.  OBJECTIONS

While Defendant maintains his position that 16 pounds of rocksalt should not generate an offense level of 30, he understands that his guilty plea to the charge necessitates a 10  year mandatory sentence. While this was not counterfeit substance in the sense of Robards having any involvement in creating a counterfeit substance, it was the Government that produced the counterfeit substance.

The other remaining objection is to paragraph 44.  Defense counsel has requested that Defendant receive a 4 level decrease because he was a minimal participant in the offense.

While the probation office places him at a 3 level reduction, Defendant contends he is entitled to a 4 level decrease.  There is no evidence that Robards was involved in planning or organizing any criminal activity nor did he exercise any decision making authority or influence decisions that were made in this case.

2

From the recordings produced by the Government in discovery, the majority of the time was either the influence of controlled substance, or drunk. Robards only participated in the one run. Therefore, Defendant would request the additional point and reduce his total offense level to 29.

At a criminal history category IV and a level 29, the advisory guideline range is 121 to 151 months. That falls right in line with the mandatory 120 month sentence.

### III.  18 U.S.C. §3553(a) FACTORS

A.    The nature and circumstances of the offense and history and characteristics of this Defendant.

Jacob Robards is 43 years of age and the product of a broken home. As with most children from broken homes, he resided with his maternal grandparents and various family members and friends.

In the neighborhood in which he grew up there was a lot of gang activity and violence. Familial instability and the neighborhood left a lasting impact on the Defendant. It was at a young age he joined the White Supremacist Movement.

As with most movements or gangs, the entity provides a feeling of family and acceptance and a bond that leads to feeling accepted and following orders to make sure efforts are appreciated. In this case, fortunately, Mr. Robards only participated in one of the runs.

Even during the events described in this Indictment, Robards was suffering from severe medical conditions.  He has been diagnosed with Type II diabetes, Crohn's disease, a blood clot disorder, Complex Regional Pain Syndrome, seizure disorder and non-Hodgkin's lymphoma.  Just prior to this Indictment, he was hospitalized in Newark, New Jersey as well as the Lehigh Valley Hospital in Allentown, Pennsylvania.

There is a concern that he needs medical treatment in connection with the non-Hodgkin's Lymphoma as well as the infection that plagued his body following the biopsy that was misplaced.

B.    <u>A sentence at the mandatory minimum will not reduce the seriousness of the offense, will deter further criminal conduct from this Defendant, and provide the medical care required.</u>

Based on the weight that was established by the government agents, there is a ten year mandatory minimum sentence.  Robards had no role in establishing the weight to be delivered nor the contents of the alleged controlled substance.  Rather, he was a low-level individual following the directions of superiors.

With all of the health issues, Defendant requests the 120 month sentence and recommendation by this Honorable Court to a medical facility to be evaluated for the non-Hodgkin's lymphoma as well as the other medical issues.

4

Respectfully submitted,

/S/ Robert A. Hoffa

Robert A. Hoffa
Attorney ID No.:  36715
Attorney for Defendant Shoemaker
602 Pine Street, Williamsport, PA  17701
Telephone:  570-326-2401
Fax:  570-326-2498